THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRANDON FISHER, an individual,

      Plaintiff,

    v.

THE BOEING COMPANY, and SPIRIT AEROSYSTEMS, INC.,

      Defendants.

No. 2:26-cv-01798-JCC

STIPULATED PROTECTIVE ORDER

NOTE FOR MOTION CALENDAR:
JULY 14, 2026

1.    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, export controlled, proprietary, or private information for which special protection may be warranted. Accordingly, pursuant to Federal Rule of Civil Procedure 26(c) and LCR 26(c)(2), the Court enters the following protective order.

1.1    Discovery in this action is likely to involve production of confidential, export controlled, proprietary, or private information for which special protection may be warranted.

1.2    This protective order does not confer blanket protection on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable

**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.    DEFINITIONS

2.1    "Confidential Information." "Confidential Information" to the extent it is produced or exchanged shall include the following (regardless of the medium or manner in which it is generated, stored, or maintained): (a) documents containing information prohibited from disclosure by statute or regulation; (b) documents containing non-public competitive information regarding Boeing's customer contracts, such as Production Orders, Memoranda of Agreement, Special Business Provisions, General Terms Agreements and related Amendments; (c) documents containing non-public technical information related to the design, manufacturing, certification, marketing, sale, delivery, maintenance, repair or performance of Boeing airplanes and their components and systems, such as Certificates of Conformity, Non-Conformance Reports, Non-Conformance Orders, Airplane Quality Manuals, Installation Plan Orders, Inspection Requests, Build Process instructions, Certification Plans, Business Process Instructions, supplier oversight instructions and records, proprietary drawings, manufacturing and repair work procedure documents, and other similar Boeing-internal or supplier-shared documents regarding the production of airplanes and airplane parts; (d) documents containing non-public financial information about revenue, pricing, expenses, and profitability such as sales forecasts, margin analyses, pricing models, discount approvals, cost estimates, budgets, profit-and-loss statements, financial forecasts, revenue reports, and related internal financial analyses; (e) documents containing non-public airline material, such as Flight Crew Operations Manuals, Aircraft Maintenance Manuals, Airplane Flight Manuals, Wiring Diagram Manuals, Minimum Equipment Lists, and related subsequent Notices of Change and similar non-public materials related to inflight procedures, aircraft maintenance, and crew training, and non-party passenger information; (f) documents containing patient health information that is protected under the Health Insurance Portability and Accountability Act ("HIPAA") and corresponding regulations, including medical,

STIPULATED PROTECTIVE ORDER
(No. 2:26-cv-01798-JCC) –2

mental, behavioral health, counseling or psychotherapy records, treatment records, clinical assessments or diagnoses, or other protected non-public health records, (g) documents containing personal financial information such as tax records, social security numbers, or bank or other financial account numbers, (h) employment, human resources, or personnel records; and (i) documents containing other non-public personal information of individuals such as personal mailing and email addresses, and telephone numbers.

Information or documents that are available to the public should not be designated as Confidential Information, except documents that are Export Controlled (as defined below). In the event any party produces documents designated as Confidential that another believes does not fall within one of the above categories, the parties will meet and confer to confirm the propriety of the designation or the necessity of proposing an amendment to this Order. The identification of any of the aforementioned types of information shall not be construed as an admission or concession that such information is relevant to or otherwise subject to discovery.

2.2    "Attorneys' Eyes Only Information." As used in this Order, "Attorneys' Eyes Only Information" means those documents containing information that the producing party reasonably believes to be so highly sensitive that it could cause it significant competitive harm if revealed to an employee of the receiving party. Attorneys' Eyes Only Information could include highly sensitive strategic corporate information related to financial or pricing information, information about confidential third-party agreements, revenue, profit, or loss information, or highly sensitive competition-related information. Attorneys' Eyes Only Information shall not include any information that has been made public or that is legitimately subject to public disclosure. The parties agree to take care, when reviewing families of documents, to designate as Attorneys' Eyes Only, solely the individual documents or information that are entitled to that designation and to cooperate to promptly correct any over-designation. All Attorneys' Eyes Only Information is also Confidential Information.

STIPULATED PROTECTIVE ORDER
(No. 2:26-cv-01798-JCC) –3

**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

2.3     "Export Controlled Information." As used in this Order, "Export Controlled Information" means information, technical data, and/or technology that is subject to the requirements of the Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730.1, *et seq.*, and/or the International Traffic in Arms Regulations, which implement the Arms Export Control Act ("ITAR"), 22 C.F.R. §§ 120.1, *et seq.* Export Controlled Information may or may not also be Confidential Information.

3.     SCOPE

The protections conferred by this Protective Order cover not only Confidential Information, Attorneys' Eyes Only Information, and Export Controlled Information (as defined above), but also (1) any information copied or extracted from Confidential Information, Attorneys' Eyes Only Information, or Export Controlled Information; (2) all copies, excerpts, summaries, or compilations of Confidential Information, Attorneys' Eyes Only Information, or Export Controlled Information; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential Information, Attorneys' Eyes Only Information, or Export Controlled Information. However, the protections conferred by this Protective Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise, with the exception of Export Controlled Information.

4.     ACCESS TO AND USE OF DESIGNATED INFORMATION

4.1     Basic Principles. A receiving party may use Confidential Information, Attorneys' Eyes Only Information, or Export Controlled Information that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential Information, Attorneys' Eyes Only Information, and Export Controlled Information may be disclosed only to the categories of persons and under the conditions described in this Protective Order. Confidential Information, Attorneys' Eyes Only Information, and Export Controlled Information must be stored and maintained by a receiving

STIPULATED PROTECTIVE ORDER
(No. 2:26-cv-01798-JCC) –4

party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

4.2     Disclosure of Confidential Information or Items. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any Confidential Information only to:

(a)     the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the document or material is designated Attorneys' Eyes Only, in which event such document or material may be disclosed only to in-house litigation counsel employed by the receiving party and who have been previously disclosed to the disclosing party, provided they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), but not to other officers, directors, or employees of the receiving party, *see infra* ¶ 4.4;

(c)     experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided, however, that Confidential Information may be disclosed only to an expert or consultant who is not employed by an aircraft or aircraft part customer, supplier, or competitor of the designating party, unless (i) the expert or consultant is a current employee of the party retaining such expert or consultant, (ii) the expert or consultant is a former employee of the party retaining such expert or consultant but is not currently employed by an aircraft or aircraft part customer, supplier, or competitor of the designating party, or (iii) a court order is obtained permitting such disclosure;

(d)     the Court, court personnel, and court reporters and their staff;

(e)     copy, imaging, or e-discovery services retained by counsel to assist in the processing of Confidential Information, provided that counsel for the party retaining those vendors

STIPULATED PROTECTIVE ORDER
(No. 2:26-cv-01798-JCC) –5

**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

instructs the service not to disclose any Confidential Information to non-parties and to immediately destroy or return all originals and copies of any Confidential Information upon the conclusion of the above-captioned action, pursuant to the destruction protocol addressed in Paragraph 10 below;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise legitimately possessed or knew the information;

(h)     any person designated by the written agreement of all parties; and

(i)     any person designated by the Court, subject to the terms of any applicable Court orders.

4.3     Use of Artificial Intelligence Tools. Use of Generative Artificial Intelligence ("Generative AI") tools or services must protect the confidentiality of the information as required by this Stipulation and Order. Confidential, Export Controlled, and Attorneys' Eyes Only Information shall not be submitted to any Generative AI tool or service—including, but not limited to, OpenAI GPT, Google Gemini, Meta LLAMA, MidJourney AI, OpenAI DALL-E, Stability AI Stable Diffusion, or similar platforms—except as described below:

(a)     Confidential, Export Controlled, and Attorneys' Eyes Only Information may not be submitted to any Generative AI tool or service, regardless of whether such tool is accessed via a web interface, API, or other means, if the provider retains any rights to access, monitor, or use the data for any purpose, including model training, prompt or content review, or any other terms of use or policies that would permit the provider or any other third party to access, monitor, or use

STIPULATED PROTECTIVE ORDER
(No. 2:26-cv-01798-JCC) –6

**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

the submitted data, prompts, or outputs in any way that could compromise the confidentiality of the protected information. Under no circumstances may protected information be used to train, fine-tune, or otherwise improve any Generative AI model, nor may it be retained by the provider for any purpose beyond the immediate, confidential processing requested by the user in a secure environment.

(b)    The foregoing does not prohibit the use of Generative AI tools or services that are operated in a manner that fully complies with the security and confidentiality requirements set forth above, such that no third party—including the AI provider—has any ability to access, monitor, retain, or use the Protected Information, whether through technical means or contractual rights, and provided further that all such information provided and/or submitted to the AI provider can be deleted, including from the Generative AI tool or service itself, in accordance with Paragraph 10 of this Stipulation and Order.

4.4    Disclosure of Attorneys' Eyes Only Information. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any Attorneys' Eyes Only Information only to those non-parties or entities identified in Paragraph 4.2(a) and (c)–(g), as well as in-house counsel subject to the limitations and requirements set forth in Paragraph 4.2(b).

4.5    Disclosure of Export Controlled Information or Items. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any Export Controlled Information only to the non-parties or entities identified in Paragraph 4.2(a)–(g), provided that no person who is not lawfully able to review Export Controlled Information shall be allowed to review Export Controlled Information.

4.6    Filing Confidential Information. Before filing Confidential Information, Attorneys' Eyes Only Information, or Export Controlled Information or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the Confidential, Attorneys' Eyes Only, or Export

STIPULATED PROTECTIVE ORDER
(No. 2:26-cv-01798-JCC) –7

**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Controlled Information designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet-and-confer process, the designating party must specifically identify the basis for sealing the specific Confidential, Attorneys' Eyes Only, or Export Controlled Information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue.

The party designating the document as one that contains Confidential Information, Attorneys' Eyes Only Information, or Export Controlled Information shall, pursuant to Federal Rules of Civil Procedure 5.2(e) and 26(c) and LCR 5(g) and 26(c), move to obtain the Court's permission to file that document under seal and shall satisfy the requirements in LCR 5(g)(3) and have the burden of proof under applicable caselaw. The parties shall comply with any procedures ordered by the Court with respect to such motions, but under no circumstances shall the parties file the document not under seal prior to the Court's ruling on the motion to seal.

4.7    The parties are encouraged to stipulate on motions to seal or redact and/or, when necessary, stipulate that such motions may be heard on shortened time to avoid prejudice in motions practice. If it is not feasible to obtain a ruling on sealing or redacting prior to a motion-related deadline, the filing party may (1) cite to the exhibit(s) at issue in the motion to seal or redact and/or (2) file a blank exhibit as a placeholder until the Court rules on the motion to seal or redact, while serving upon the parties the original exhibit. The filing party shall then complete the record by filing the exhibit pursuant to and consistent with the Court's order on sealing or redaction.

4.8    If the Court grants the motion to seal, the parties shall ensure that the document is filed in accord with the requirements of LCR 5(g), this Protective Order, and other applicable requirements. If any party fails to file Confidential Information, Attorneys' Eyes Only Information, or Export Controlled Information under seal, the party that produced the information or any person claiming that the material is Confidential Information, Attorneys' Eyes Only

STIPULATED PROTECTIVE ORDER
(No. 2:26-cv-01798-JCC) –8

**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Information, or Export Controlled Information may move the Court to place the filing under seal in accordance with LCR 5(g).

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this Protective Order limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, disclosure or discovery of material that qualifies for protection under this Protective Order must be clearly designated as such before or when the material is disclosed or produced.

(a)    Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings) The designating party must affix the words "CONFIDENTIAL" to each page that contains Confidential Information; "ATTORNEYS' EYES ONLY to each page that contains Attorneys' Eyes Only Information; and "EXPORT CONTROLLED INFORMATION" to each page that contains Export Controlled Information. The designating party must also affix words identifying this case, in the form "Case No. 2:24-cv-00791-RSM." All applicable markings should be applied, except that where a document contains both Confidential Information and Attorneys' Eyes Only

STIPULATED PROTECTIVE ORDER
(No. 2:26-cv-01798-JCC) –9

**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Information, only the more restrictive designation (for Attorneys' Eyes Only Information) should be applied.

(b)     Testimony given in deposition or in other pretrial proceedings: The parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within 30 days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as Confidential, Attorneys' Eyes Only, and/or Export Controlled Information. If a party or non-party desires to protect Confidential, Attorneys' Eyes Only, and/or Export Controlled Information at trial, the issue should be addressed during the pre-trial conference.

(c)     Document inspections: In the event a party elects to produce files and records for inspection and the requesting party elects to inspect them, no designation needs to be made in advance of the inspection. If the inspecting party selects specified documents to be copied, the producing party shall designate those documents containing Confidential, Attorneys' Eyes Only, and/or Export Controlled Information in accordance with the terms of this Order at the time the copies are produced.

(d)     Documents produced by other parties. If a party other than the producing party believes in good faith that a producing party has produced a document or item that contains or constitutes Confidential, Attorneys' Eyes Only, and/or Export Controlled Information of the non-producing party, the non-producing party may designate the document as Confidential, Attorneys' Eyes Only, and/or Export Controlled Information by so notifying all parties in writing within 45 days of service of the document. Whenever a party other than the producing party designates a document as Confidential, Attorneys' Eyes Only, and/or Export Controlled Information, the designating party shall provide a substitute copy of the document bearing such designation for each copy of the document produced by the producing party. Each party shall destroy all copies of the document that it received or reproduced prior to the designation. If a party believes in good

STIPULATED PROTECTIVE ORDER
(No. 2:26-cv-01798-JCC) –10

faith that documents or materials requested from another party contain or constitute Confidential, Attorneys' Eyes Only, and/or Export Controlled Information, it may also, at its option, request the producing party so mark the document or item prior to its production.

(e) <u>Documents produced by a non-party.</u> If a party believes in good faith that a non-party has produced a document or item that contains or constitutes Confidential, Attorneys' Eyes Only, and/or Export Controlled Information of the non-producing party, the non-producing party may designate the document as Confidential, Attorneys' Eyes Only, and/or Export Controlled Information by so notifying all parties, and the producing non-party, in writing within 45 days of service of the document. Whenever a party designates such a document as Confidential, Attorneys' Eyes Only, and/or Export Controlled Information the designating party shall provide a substitute copy of the document bearing such designation for each copy of the document produced by the producing party. Each party shall destroy all copies of the document that it received or reproduced prior to the designation. If a party believes in good faith that documents or materials requested from a non-party contain or constitute Confidential, Attorneys' Eyes Only, and/or Export Controlled Information, it may also, at its option, request the non-party to mark the document or item prior to its production.

(f) <u>Designations by a non-party.</u> If a non-party produces documents or materials and designates them, or portions thereof, as Confidential, Attorneys' Eyes Only, and/or Export Controlled Information, such designations shall be treated in the same manner as if a party had designated them.

(g) <u>Other tangible items:</u> The producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the words as would be required under paragraph 5.2(a) if the information or item were in documentary form. If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

STIPULATED PROTECTIVE ORDER
(No. 2:26-cv-01798-JCC) –11

**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

5.3 <u>Inadvertent Failures to Designate.</u> An inadvertent failure to designate qualified information or items (*e.g.*, corrected shortly after the inadvertent failure was brought to the designating party's attention) does not, standing alone, waive the designating party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Protective Order.

6. <u>CHALLENGING CONFIDENTIAL, ATTORNEYS' EYES ONLY, OR EXPORT CONTROLLED INFORMATION DESIGNATIONS</u>

6.1 <u>Timing of Challenges.</u> Any party or non-party may challenge a designation of Confidential, Attorneys' Eyes Only, or Export Controlled Information at any time. Unless a prompt challenge to a party's designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer.</u> The parties must make every attempt to resolve any dispute regarding designations without court involvement. Any motion regarding designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants of the conference. A good faith effort to confer requires a face-to-face meeting or a video or telephone conference.

6.3 <u>Judicial Intervention.</u> If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain the designation. The burden of persuasion in any such motion shall be on the designating party. Blanket challenges to a party's designations are not allowed; a party shall only challenge designations of documents which (1) appear to not meet the standard for protection under this Protective Order or applicable

STIPULATED PROTECTIVE ORDER
(No. 2:26-cv-01798-JCC) –12

**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

law; and (2) are reasonably expected to be filed in support of motion practice or used at trial. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as designated until the Court rules on the challenge.

7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as Confidential, Attorneys' Eyes Only, or Export Controlled Information, that party must:

(a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose designated material may be affected.

8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential, Attorneys' Eyes Only, or Export Controlled Information to any person or in any circumstance not authorized under this Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material or ensure their destruction, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

STIPULATED PROTECTIVE ORDER
(No. 2:26-cv-01798-JCC) –13

9.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

9.1     Inadvertent Production of Privileged or Protected Material. The parties recognize that certain Confidential or other material relevant to the claims and defenses in this action may be protected by, and subject to, a claim of privilege or similar protection. Pursuant to Federal Rule of Evidence 502(d), if, in connection with this action, a producing party inadvertently produces or discloses information subject to any privilege or similar protection ("Inadvertently Produced Information"), such disclosure or production shall be without prejudice to the producing party's claim that such information is privileged or protected, and no producing party shall be held to have waived any rights by such inadvertent production or disclosure, so long as the producing party promptly provides notice to all parties of the production of Inadvertently Produced Information after learning of that production. Within five business days of providing notice, the producing party shall provide privilege log entry/entries covering such Inadvertently Produced Information. Specifically, the provisions of Federal Rule of Evidence 502(b)(2) and (b)(3) are inapplicable to the production of Inadvertently Produced Information in this action. Once a producing party provides the notice to the other parties regarding the production of Inadvertently Produced Information, the other parties shall: (i) promptly return the Inadvertently Produced Information along with all duplicates in paper form, (ii) remove any electronic version of the Inadvertently Produced Information from their electronic databases, (iii) provide a certification of counsel that all such Inadvertently Produced Information has been returned or destroyed, and (iv) not duplicate the Inadvertently Produced Information or distribute it by any means other than returning it to the producing party (if needed). Nothing in this paragraph or order curtails a party's right to challenge the propriety of a designation or privilege assertion with the Court, or to assert that the holder of the privilege failed to take reasonable steps to prevent disclosure or failed to promptly take reasonable steps to rectify the error.

**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

9.2     Receipt of Inadvertently Produced Information. If a party receives Confidential or other material that reasonably appears to be subject to a privilege or protection and to have been provided through inadvertence, the receiving party must refrain from examining the Confidential or other material any further and, consistent with Washington RPC 4.4(b), shall promptly notify the producing party in writing that the party possesses it.

9.3     Description of Inadvertently Produced Information. In connection with any motion or dispute before the Court regarding the designation of Confidential or other material as subject to a privilege or protection, nothing in this Order shall prohibit any party from describing such Confidential or other material in such a manner as does not violate the privilege or protection.

10.     NON-TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must certify the secure destruction of all Confidential, Attorneys' Eyes Only, or Export Controlled Information to the producing party, including all copies, extracts, and summaries thereof. Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the Court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential, Attorneys' Eyes Only, or Export Controlled Information.

The confidentiality obligations imposed by this Protective Order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise. The parties and any other person subject to the terms of this Order agree that this Court will retain jurisdiction following the conclusion of this action for the purpose of enforcing this Order.

IT IS FURTHER ORDERED that pursuant to Federal Rule of Evidence 502(d) and the provisions of this Order, the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client

STIPULATED PROTECTIVE ORDER
(No. 2:26-cv-01798-JCC) –15

Ashurst Perkins Coie US LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

privilege, attorney work-product protection, or any other privilege or protection recognized by law. The parties therefore need not comply with any other requirements, including those set forth by Federal Rule of Evidence 502(b), in order to preserve the privilege.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 14th day of July, 2026.

Dated: July 14, 2026

By: s/ *Renée E. Rothauge*
Michael S. Paisner, Bar No. 48822
Alletta S. Brenner, Bar No. 59772
Renée E. Rothauge, Bar No. 20661
**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
Mike.Paisner@ashurstperkins.com
Alletta.Brenner@ashurstperkins.com
Renee.Rothauge@ashurstperkins.com

*Attorneys for Defendant The Boeing Company*

By: s/ *William H. Walsh*
William H. Walsh, Bar No. 21911
wwalsh@cozen.com
Richard D. Mummolo, Bar No. 63062
rmummolo@cozen.com;
COZEN O'CONNOR
999 Third Avenue, Suite 1900
Seattle, WA 98104
Telephone: (206) 224-1296

*Attorneys for Plaintiff Brandon Fisher*

STIPULATED PROTECTIVE ORDER
(No. 2:26-cv-01798-JCC) –16

By: s/ *Diane Westwood Wilson*

Diane Westwood Wilson (admitted *pro hac vice*)
dwilson@foxrothschild.com
FOX ROTHSCHILD LLP
101 Park Ave, 17th Floor
New York, NY 10178
Telephone: 212.878.1431

James E. Breitenbucher, Bar No. 27670
jbreitenbucher@foxrothschild.com
Grace Wan, WSBA #61427
gwan@foxrothschild.com
FOX ROTHSCHILD LLP
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
Telephone: 206.624.3600

Mark Campbell (admitted *pro hac vice*)
mcampbell@foxrothschild.com
FOX ROTHSCHILD LLP
2020 K Street N.W., Suite 500
Washington, DC 20006
Telephone: 202.461.3100

STIPULATED PROTECTIVE ORDER
(No. 2:26-cv-01798-JCC) –17

**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.  This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply.  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.  Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

DATED this 15th day of July 2026.



JOHN C. COUGHENOUR
United States District Court Judge

STIPULATED PROTECTIVE ORDER
(No. 2:26-cv-01798-JCC) –18

**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Western District of Washington on _____

[date] in the case of *Brandon Fisher v. The Boeing Company, et al.*, Case No. 2:26-cv-01798-JCC.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.


Date:_____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER
(No. 2:26-cv-01798-JCC) –19

**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000